IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW J. HAWKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAMSON COUNTY SHERIFF'S )<br>OFFICE, et al., )<br>)<br>Defendants. ) | Case No. 3:25-cv-00012<br>Judge Trauger |

# MEMORANDUM OPINION AND ORDER

Andrew Hawkins, a pretrial detainee in the custody of the Williamson County Sheriff's Office (WCSO), has filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2).

The case is before the court for ruling on the plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding

the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. LEGAL STANDARD

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations'

and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. ALLEGATIONS AND CLAIMS

According to the Complaint, on May 30, 2024, Sergeant Lockhard was watching the plaintiff while he showered. Lockhart "then ripped the shower curtain down[,] pointed a taser at [the plaintiff,] then sexually abused [him]." (Doc. No. 1 at 5.) The plaintiff alleges that Lockhart handcuffed him and then "laid on top of [him] while [he] was naked[,] rubbing his genitals on [the plaintiff's] buttocks." (*Id.*) After this assault, the plaintiff was allegedly denied medical treatment for cuts on his genitals, face, and arms. (*Id.*) Along with these cuts, the plaintiff alleges that the attack left him with severe pain shooting down his leg and emotional injuries requiring mental health treatment. He claims that he was subjected to cruel and unusual punishment and a violation of the Prison Rape Elimination Act, and seeks an award of damages against the WCSO Sergeant

3

Lockhart, Lieutenant Ashley Lindquist, Captain Chad Youker, and Sheriff Jeff Hughes. (*Id.* at 2–5.)

C. ANALYSIS

The plaintiff claims a violation of his right to be free from cruel and unusual punishment, which arises under the Eighth Amendment. However, because the plaintiff is not a convicted prisoner but rather a pretrial detainee, it is the Fourteenth Amendment's Due Process Clause that protects him from assault by a guard—which is, in the sexual-assault context, properly characterized as an excessive use of force. *Hale v. Boyle Cnty.*, 18 F.4th 845, 852–53 (6th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 391 (2015)). The standard by which the plaintiff's excessive-force claim must be evaluated is a strictly objective one that asks, first, whether Sergeant Lockhart "purposefully, knowingly, or ("possibly") recklessly engage[d] in the alleged physical contact with [him]," and second, whether the use of force was "objectively unreasonable." *Id.*

Taking the Complaint's factual allegations as true, the plaintiff states a plausible excessive-force claim against Lockhart for purposes of initial review.[1] Lockhart, after watching while the plaintiff showered, allegedly entered the shower, threatened the plaintiff with a taser, forced him to the ground while he was naked, and then handcuffed and lay on top of him while rubbing his genitals against the plaintiff's bare buttocks. There is no suggestion that Lockhart's conduct amounted to "[m]ere negligence or accident," *id.*, or anything other than purposeful behavior. And

---

[1] This claim is stated against Lockhart in his individual capacity. Although the plaintiff purports to also sue Lockhart in his official capacity (*see* Doc. No. 1 at 2), an official-capacity claim is the same as a claim against Lockhart's municipal employer, Williamson County, and the Complaint lacks any allegations that would support a request for relief against the County. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (official-capacity claim "is the equivalent of suing the [official]'s employer," which can only be liable if official's actions are alleged to be "part of a policy or custom that violated [plaintiff]'s constitutional right[s]") (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)).

there is no indication at this point that the use of force was for any other purpose than to sexually assault the plaintiff, which would obviously make it objectively unreasonable. *Cf. Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (finding that courts have "long held that sexual abuse" of inmates constitutes an objectively serious deprivation of constitutional rights). The claim against Defendant Lockhart in his individual capacity will proceed for further development.

As to the remaining defendants, the WCSO is only named as such in the caption of the Complaint and, in any event, is not a suable entity under Section 1983 (or, for that matter, under state law). *See Slaybaugh v. Rutherford Cnty.*, Tennessee, 688 F. Supp. 3d 692, 697 & n.4 (M.D. Tenn. 2023). The WCSO will therefore be dismissed as a defendant to this action.

Defendants Lindquist, Youker, and Hughes are only named at the beginning of the Complaint (in the section devoted to identification of parties) and then in the following, single sentence: "I reported [Lockhard's] abuse to Lt Lindquist [and] Captain Youker[,] then appealed to Sheriff Hughes." (Doc. No. 1 at 4.) No allegation or claim is made that these defendants had a direct role in, or responsibility for, the plaintiff's harm at the hands of Lockhart. A superior officer cannot be held liable simply because he or she failed to act, or because the officer "was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Allegations of personal involvement in the conduct causing the harm are necessary for a Section 1983 plaintiff plausibly to claim that a given defendant is liable for a constitutional violation. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). In the absence of such allegations against Lindquist, Youker, and Hughes, these defendants will be dismissed from this action. *See Green v.*

5

*Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints.").

Finally, while the Complaint, in describing the plaintiff's injuries from Lockhart's actions, refers to a denial of treatment for "cuts on [his] genitals, face, and arms" (Doc. No. 1 at 5), it does not specify the extent of such injuries, nor does it name any defendant who refused to treat them despite "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F. 4th 305, 317 (6th Cir. 2023) (citation and internal quotation marks omitted). Accordingly, the Court does not construe the Complaint to assert a separate claim that the plaintiff was unconstitutionally denied medical treatment. Likewise, the reference in the "Injuries" section of the Complaint to "the intentional infliction of emotional distress [that] caused the need for mental health treatment" (Doc. No. 1 at 5) is not construed as an attempt to raise a claim of intentional infliction of emotional distress (IIED) under Tennessee law. If the plaintiff wishes to pursue medical treatment or IIED claims, he will have to amend his Complaint in order to set out these claims and the defendants against whom they are directed.

### III. CONCLUSION

As explained above, Defendants Lindquist, Youker, Hughes, and Williamson County Sheriff's Office are **DISMISSED** from this action.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each remaining defendant. The plaintiff **MUST** complete the service packet(s) and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service

packet(s), the Clerk is **DIRECTED** to issue summons(es) to the U.S. Marshals Service for service on the defendant(s). Fed. R. Civ. P. 4(b) and (c)(3).

The Court's determination that the Complaint states colorable claims for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge