UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW J. HAWKINS,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMSON COUNTY SHERIFF'S OFFICE et al.,<br><br>    Defendants. | Case No. 3:25-cv-00012<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

On July 8, 2025, the Court found that pro se and *in forma pauperis* Plaintiff Anderw J. Hawkins had not complied with the Court's order to return a completed service packet for Defendant Sergeant Lockhart and further found that a copy of the Court's prior order mailed to Hawkins's address of record was returned as undeliverable. (Doc. No. 7 (citing Doc. Nos. 5, 6).) The Court ordered Hawkins to show cause by July 28, 2025, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01 for Hawkins's failure to prosecute his claims and failure to keep the Court apprised of his current mailing address. (*Id.*) Hawkins has not responded to the Court's show-cause order.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Rule 41(b).

**I.    Relevant Background**

This civil rights action brought under 42 U.S.C. § 1983 arises out of Hawkins's pretrial detention in the custody of the Williamson County Sheriff's Office (WCSO). (Doc. No. 1.) On January 3, 2025, the Court received Hawkins's complaint asserting constitutional claims against

Lockhart and other defendants and seeking $5 million in damages. (*Id.*) The Court also received Hawkins's application for leave to proceed *in forma pauperis* (IFP). (Doc. No. 2.) On May 22, 2025, the Court granted Hawkins's IFP application, screened his complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e, and found that Hawkins had stated a colorable Fourteenth Amendment excessive force claim against Lockhart in his individual capacity. (Doc. No. 5.) The Court allowed that claim to proceed for further development, but dismissed all other claims and defendants in Hawkins's complaint for failure to state claims on which relief could be granted. (*Id.*)

The Court directed the Clerk of Court to send Hawkins a service packet—consisting of "a blank summons (AO 440) and USM 285 form"—and ordered Hawkins to complete the service packet and return it to the Clerk's Office within thirty days of the Court's order. (*Id.* at PageID# 34.) The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 5.) A copy of the Court's order mailed to Hawkins at the WCSO was returned as undeliverable. (Doc. No. 6.)

On July 8, 2025, the Court found "that more than thirty days ha[d] passed since the Court issued its order, and Hawkins ha[d] not returned a completed service packet for Lockhart or taken any other action to move this litigation forward." (Doc. No. 7, PageID# 39.) The Court ordered Hawkins to show cause by July 28, 2025, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule 41(b) and Local Rule 41.01 for Hawkins's failure to prosecute his claim against Lockhart, failure to comply with the Court's May 22, 2025 order, and failure to keep the Court apprised of his current address. (Doc. No. 7.) The Court warned Hawkins that failure to comply with the order to show cause would "likely result in a recommendation that the Court dismiss this action." (*Id.* at PageID# 40.) A copy of the Court's order to show cause

2

Case 3:25-cv-00012    Document 9    Filed 09/09/25    Page 2 of 8 PageID #: 43

mailed to Hawkins at the WCSO was returned as undeliverable. (Doc. No. 8.) Hawkins has not responded to the Court's show-cause order and has not returned a completed service packet for Lockhart. Process has not issued to Lockhart, and Lockhart has not appeared in this action or responded to Hawkins's complaint.

II.     **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[ ] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).]

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Hawkins.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that Hawkins's failures to return a completed service packet and respond to the Court's show-cause order were motivated by bad faith. But Hawkins ignored this Court's order requiring him to complete and return a service packet for Lockhart and then failed to respond to the Court's show-cause order. Although these orders were mailed to Hawkins and returned as undeliverable, it remains Hawkins's responsibility to keep the Court apprised of his current mailing address in the action that he initiated. *See Bryant v. Warden, Franklin Cnty. Corr. Ctr.*, CASE NO. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that pro se plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted*, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that pro se plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault).

"Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Fathera v.*

5

*Rudd Med. Servs.*, Case No. 3:23-cv-00176, 2023 WL 7178010, at *4 (M.D. Tenn. Oct. 12, 2023) (quoting *id.*), *report and recommendation adopted*, 2023 WL 7170647 (M.D. Tenn. Oct. 31, 2023); *Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se incarcerated plaintiff's failure to return service packets or respond to show-cause order "to his own willfulness or fault"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Lockhart has not been served or appeared in this action and therefore has not wasted any time, money, or effort in pursuit of cooperation that Hawkins was legally obligated to provide. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Hawkins that failure to return a completed service packet and failure to respond to the show-cause order could lead to dismissal of his case. (Doc. Nos. 5, 7.) This factor weighs in favor of dismissal. *See Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DIMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) for Hawkins's failure to prosecute his claims.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 8th day of September, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge